UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                 )
CARL FOLLO, FOLLO HOSPITALITY,   )
INC., and CARPA REAL ESTATE, LLC,)
                                 )
            Plaintiffs,          )
                                 )
        v.                       )   CIVIL ACTION
                                 )   NO. 13-11217-WGY
SUSAN C. MORENCY,                )
                                 )
            Defendant.           )
_____)


YOUNG, D.J.                               March 19, 2014



                    MEMORANDUM AND ORDER


**I. INTRODUCTION**

    Carl Follo, Follo Hospitality, Inc., and Carpa Real Estate,

LLC (collectively, "Follo") appeal from a judgment of the

Bankruptcy Court for the District of Massachusetts ("Bankruptcy

Court"), which held that Susan Morency's ("Morency") judgment

debt was not excepted from discharge pursuant to either 11

U.S.C. § 523(a)(2)(A) ("Section 523(a)(2)(A)") or 11 U.S.C. §

523(a)(2)(B) ("Section 523(a)(2)(B)").

    These proceedings have their origins in a real estate

transaction fraudulently induced by Morency, a Vermont judgment

subsequently finding Morency liable for common-law fraud, and

this bankruptcy filing. The crux of this appeal is whether the Vermont judgment can be used to establish the elements necessary to sustain a non-discharge of debt under either Section 523(a)(2)(A) or Section 523(a)(2)(B).

In the proceedings before the Bankruptcy Court, Follo alleged that the judgment of the Vermont Supreme Court ("the Vermont Judgment") precluded the Bankruptcy Court from reconsidering the issues necessary to establish non-discharge under either Section 523(a)(2)(A) or Section 523(a)(2)(B). The Bankruptcy Court disagreed, concluding that the Vermont Judgment did not have preclusive effect and dismissing Follo's claim. On appeal Follo argues that the Bankruptcy Court erred when it ruled that:

> (i) . . . [Follo's] claim is not excepted from discharge; (ii) . . . the determinations of the Vermont Supreme Court did not fulfill the requirements of 11 U.S.C. [sections] 523(a)(2)(B) and/or (a)(2)(A); and (iii) . . . when it found that Follo is not entitled to judgment under 11 U.S.C. [sections] 523(a)(2)(B) and/or (a)(2)(A) on the basis of the issue preclusive effect of the Vermont determinations and judgment.

Br. Appellants Carl Follo, Follo Hospitality, Inc. & Carpa Real Estate, LLC ("Follo Brief") 2, ECF No. 12.

**A. Procedural Posture**

On April 5, 2010, Morency filed a petition of relief as per chapter 7 of the Bankruptcy Code , In re Morency, No. 10-13666-

FJB, 2013 WL 1342485, at *1 (Bankr. D. Mass. Apr. 2, 2013) (Bailey, Bankr. J.), and on May 14, 2010, Follo filed an adversarial complaint objecting to the discharge of its debt, Bankr. Docket, Adversary Case 10-01122 ("Bankr. Docket") No. 1, ECF No. 3. This matter proceeded before the Bankruptcy Court, which on March 2, 2013, entered a judgment ordering the dismissal of Follo's complaint and the discharge of Morency's judgment debt. Bankr. Docket No. 92. Subsequently, on May 20, 2013, Follo filed a notice of appeal, electing to have the case heard by the United States District Court for the District of Massachusetts, Election Appellants To Have Appeal Heard U.S. District Ct., ECF No. 2, and, on the same date, the appeal was assigned to this session of the Court. Elec. Notice, May 20, 2013, ECF No. 5. Follo filed the appellant's brief on June 28, 2013. Follo Brief. On July 11, Morency filed the appellee's brief, Br. Appellee Susan C. Morency ("Morency Brief"), ECF No. 13, and Follo filed a reply on July 25, Reply Br. Appellants Carl Follo, Follo Hospitality, Inc. & Carpa Real Estate, LLC ("Follo Reply"), ECF No. 14.

## B. Factual Summary

The facts of this case have been well traversed in prior decisions and, with this in mind, the Court here provides but a summary of those facts relevant to the proceeding at hand.

In 2008 Follo purchased an inn ("the Inn") and an adjacent cottage from Morency and Paul Florindo ("Florindo"). <u>Morency</u>, 2013 WL 1342485, at *3. During the negotiations, Follo was presented with a number of documents, including information regarding the financial status of the Inn, tax returns and room occupancy information, upon which it relied. <u>See</u> <u>Follo</u> v. <u>Florindo</u>, 185 Vt. 390, 395, 410 (2009). Following Follo's purchase it became apparent that this information was incorrect. <u>Id</u>. at 396. Consequently, Follo commenced proceedings in the Windham (Vermont) Superior Court against Morency, Florindo, and others for a series of offences, including common law fraud and violations of Vermont's Consumer Fraud Act. <u>Id</u>. at 394, 396. Although punitive damages are appropriate in Vermont where there is "an intentional act with a specific intent to defraud the buyer," the Vermont Superior Court ruled punitive damages were not proper as matter of law and accordingly did not put this issue to the jury. <u>Id</u>. at 413. The jury found Morency and Florindo liable on both the aforementioned claims and assessed compensatory damages of $645,000. <u>See</u> <u>id</u>. at 397-98. The trial judge ordered a remittitur reducing these damages to $295,000. <u>Id</u>. at 398.

Both parties appealed. The Vermont Supreme Court affirmed, but reversed the Superior Court's exclusion of punitive damages as matter of law. <u>Id</u>. at 394.

Following the decision of the Vermont Supreme Court, but before the quantum of punitive damages owed had been determined, Morency filed for bankruptcy.  See In re Morency, 2013 WL 1342485, at *4.

## II. JURISDICTION

This Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court.  28 U.S.C. § 158(a)(1).  Here the Bankruptcy Court has entered a final decision on the merits, see In re Morency, 2013 WL 1342485 at *13, and thus this Court has jurisdiction to consider the appeal.

## III. ANALYSIS

### A. Standard of Review

A district court reviewing the decisions of a bankruptcy court reviews all legal conclusions under a de novo standard, and all factual findings for clear error.  Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997).

### B. Scope of the Exception to Discharge

In all bankruptcy proceedings there is a strong presumption in favor of discharge.  See Local Loan Co. v. Hunt, 292 U.S. 234, 244-45 (1934).  The Bankruptcy Code is intended to provide "honest but unfortunate debtor[s]," Grogan v. Garner, 498 U.S. 279, 286-87 (1991), with a fresh start -- "a new opportunity in life . . . unhampered by the pressure and discouragement of

preexisting debt." In re Spigel, 260 F.3d 27, 31-32 (quoting Hunt, 292 U.S. at 244); see, e.g. In re O'Donnell, 728 F.3d at 42.

Nonetheless, section 523(a)(2) of the Bankruptcy Code provides two complementary but distinct exceptions to discharge for some debts incurred as a result of the debtor's fraudulent conduct.  See 11 U.S.C. § 523(a)(2).  Specifically, Section 523(a)(2)(A) excepts from discharge debts obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  11 U.S.C. § 523(a)(2)(A).  By contrast, Section 523(a)(2)(B) excepts from discharge those debts obtained by a false, written statement "respecting the debtor's . . . financial condition." 11 U.S.C. § 523(a)(2)(B)(iii).  In light of the policy behind the Bankruptcy Code and the consequent strong presumption in favor of discharge, however, these exceptions are narrowly construed -- party objecting to discharge bears the burden of demonstrating, by a preponderance of the evidence, Grogan v. Garner, 498 U.S. 279, 291 (1991), that its claim falls "squarely within an exception enumerated in Bankruptcy Code [section] 523(a)." In re Spigel, 260 F.3d at 32 (quoting In re Menna, 16 F.3d 7, 9 (1st Cir. 1994)).

Follo argued before the Bankruptcy Court that Morency's debt obligation was excepted from discharge pursuant to Section 523(a)(2) and (a)(6). See Follo Brief 2.

**C. Collateral Estoppel**

The key question here is whether giving the Vermont Judgment collateral effect has the effect of excepting Morency's judgment debt from discharge under either Section 523(a)(2)(A) or Section 523(a)(2)(B).

The principles of collateral estoppel, also called issue preclusion, apply in most adversary proceedings before a bankruptcy court, including nondischargeabilty proceedings. Grogan, 498 U.S. at 284 n.11; In re Spigel, 260 F.3d at 33 (citing Fed. Deposit Ins. Corp. v. Shearson-American Express, Inc., 996 F.2d 493, 497 (1st Cir. 1993)). The preclusive effect of a state court judgment in a subsequent federal court proceeding is determined according to the law of the state in which the judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Vermont, "[c]ollateral estoppel, or issue preclusion, bars the subsequent relitigation of an issue that was actually litigated and decided in a prior case where that issue was necessary to the resolution of the dispute." Alpine Haven Prop. Owners Ass'n v. Deptula, 175 Vt. 559, 562 (2003). More precisely, preclusion in Vermont is appropriate where:

> (1) preclusion is asserted against one who was a party
> . . . in the earlier action; (2) the issue was
> resolved by a final judgment on the merits; (3) the
> issue is the same as the one raised in the later
> action; (4) there was a full and fair opportunity to
> litigate the issue in the earlier action; and (5)
> applying preclusion in the later action is fair.

In re P.J., 185 Vt. 606, 608 (2009)(alteration in original)
(quoting Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265
(1990)) (internal quotation marks omitted). The doctrine,
however, is confined to issues "necessarily and essentially
determined in a prior action." In re R.H., 189 Vt. 15, 30
(2010) (quoting State v. Pollander, 167 Vt. 301, 305
(1997))(internal quotation marks omitted). Of these elements,
only the third -- that the issues raised in the initial judgment
are the same as those in the later case, is contentious. See,
e.g., Follo Brief 7; Morency Brief 8.

The applicability of collateral estoppel is matter of law,
Pollander, 167 Vt. at 304 (citing Emich Motors Corp. v. General
Motors Corp., 340 U.S. 558, 571 (1951)), and thus this Court
reviews de novo the Bankruptcy Court's preclusion rule.

### 1. Identity of Parties

For the doctrine of collateral estoppel to apply the party
against whom preclusion is claimed must have been a party in the
original action. Trepanier, 155 Vt. at 265. This is undisputed

-- Morency was a party in the proceeding before the Vermont Supreme Court.

### 2. Valid Final Judgment

Vermont law requires that the relevant issues have been resolved by a final judgment on the merits. Id. Prima facie, as the Vermont trial decision was reversed in part on appeal and the action remanded to the trial court, see Follo, 185 Vt. at 413, there is no final judgment and collateral estoppel is unavailable. Section 13 of the Restatement (Second) of Judgments, however, recognizes some flexibility for the purposes of issue preclusion, and "[where] the decision to be carried over was adequately deliberated and firm, . . . the parties were fully heard, . . . the court supported its decision with a reasoned opinion, . . . [and] the decision was subject to appeal or was in fact reviewed on appeal . . . support[] the conclusion that the decision is final for the purpose of preclusion." Restatement (Second) of Judgments § 13 cmt. g (1982); see In re Armitage, 181 Vt. 241, 245-46 (2006) (stating that a "decision was a final judgment because it was conclusive, not merely tentative, and was procedurally definite" and citing Restatement (Second) of Judgments § 13 cmt. g); Scott, 177 Vt. at 495-96 (citing Restatement (Second) of Judgments § 13 cmt. g).

Though the original decision was remanded to the trial court for a jury determination of the punitive damages, if any,

to be awarded, see Follo, 185 Vt. at 413, each of the issues relevant to a determination of fraud, and thus each issue relevant to the proceeding before the Bankruptcy Court, was affirmed against all challenges raised by Morency. See id. at 411 ("The evidence fairly and reasonably supports the charges of common-law fraud against both defendants"). The decision of the trial court was not tentative and the only possible consequence of the Vermont Supreme Court's decision to remand the action affects the damages to be awarded to Follo – there is no potential impact upon the substantive conclusions reached regarding the issue of common-law fraud. Consequently, for the purposes of collateral estoppel, there exists a valid final judgment.

### 3. Necessity of Determination of Relevant Issues

Under Vermont law, preclusion applies only to those issues "necessarily and essentially determined in a prior action." In re R.H., 189 Vt. at 30 (quoting Pollander, 167 Vt. at 305)(internal quotation marks omitted). Where a "judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone." Pollander, 167 Vt. at 305 (quoting Restatement (Second) of Judgments § 27 cmt. i). Here, the judgment in the Vermont Superior Court rested

upon two independent bases: common law fraud and a violation of
the Vermont Consumer Fraud Act, see Follo, 185 at 397, and thus,
pursuant to Pollander, the judgment entered after trial does not
conclusively determine either claim. Pollander 167 Vt. at 305.
Where, however, as in this case, a matter with multiple
independent grounds is appealed and the "appellate court upholds
one of these determinations as sufficient and refuses to
consider whether or not the other is sufficient and accordingly
affirms the judgment, the judgment is conclusive as to the first
determination." Restatement (Second) of Judgments § 27 cmt. o.[1]

Here, the judgment entered after trial was appealed to the
Vermont Supreme Court. That court did not consider the
sufficiency of the Consumer Fraud Act claim, ruling that it had
been procedurally defaulted. Follo, 185 Vt. at 403. The

---

[1] This specific comment to the Restatement (Second) of
Judgments has not been cited by the Vermont Supreme Court,
although it has favourable cited other comments within section
27 on a number of occasions. See, e.g., Scott, 177 Vt. at 493;
Alpine Haven Property Owners Ass'n, 175 Vt. at 563; Stevens v.
Stearns, 175 Vt. 428, 433-34 (2003); Lamb v. Geovjian, 165 Vt.
375, 381 (1996); Berlin Convalescent Center, Inc. v. Stoneman,
159 Vt. 53, 60 (1992).
    Further, the conclusion that it is unreasonable to give
preclusive effect to determinations of lower courts, but
reasonable to do so where an appellate court considers the
issue, makes sense: while a court of first instance may not have
"carefully or rigorously" considered non-essential
determinations, once an appellate court has so considered, there
is sufficient directed analysis to justify preclusion. In re
Baylis, 217 F.3d 66, 72 (1st Cir. 2000)(internal quotation marks
omitted).

Vermont Supreme Court did, however, affirm the jury finding that Morency was liable for common law fraud after a thorough discussion. Id. at 403-11. The ruling of the Vermont Supreme Court is thus conclusive of this determination.

The finding of common law fraud, however, rests upon two separate communications Follo received from Morency: tax return and other financial documentation, and the Inn occupancy rate information. Id. at 406-07. Thus, it is also necessary to establish that both these communications were essential to and necessarily determined in the Vermont proceedings. See In re R.H., 189 Vt. at 30 (quoting Pollander, 167 Vt. at 305)).[2] Though, as before, a prima facie analysis would indicate that neither was conclusively determined, again recourse to Section 27 of the Restatement (Second) of Judgments provides an exception – where a "judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient . . . the judgment is conclusive as to both determinations." Restatement (Second) of Judgments § 27 cmt. o.

---

[2] This is necessary since, while the jury may have concluded that both the tax return and the occupancy information were sufficient to establish liability, it is equally possible that the jury only considered one of these misrepresentations to be sufficient.

The Vermont Supreme Court carefully and separately considered the evidence concerning the financial information and the occupancy information and concluded that there was sufficient evidence presented at trial for the jury's finding based on either statement. See Follo, 185 Vt. at 410 ("the trial provided sufficient clear and convincing evidence that Ms. Morency knowingly or recklessly made false statements regarding the Inn's occupancy and revenues"). It is thus appropriate to conclude that both intentional misrepresentations are independently sufficient, and thus, as per the Restatement, conclusive as to the Vermont Supreme Court's determination.

### 4. Identity of Issues

The central contested issue in this appeal is whether there is the necessary identity of issues between the jury's findings as to common law fraud and the elements of Section 523(a)(2)(A) or Section 523(a)(2)(B).

### a. Section 523(a)(2)(A)

Pursuant to Section 523(a)(2)(A), an otherwise dischargeable debt obligation will not be discharged where it was obtained by "false pretenses, a false representation, or actual fraud, other than [by] a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The Bankruptcy Court concluded that the Vermont proceedings did not involve all the necessary elements of

Section 523(a)(2)(A) and thus did not have preclusive effect. Specifically, the Bankruptcy Court concluded that both "the tax return and the statements in the brochure about occupancy rates concerned the Inn's income and overall income flow," and were, therefore, statements respecting Morency's financial condition. In re Morency, 2013 WL 1342485, at *13. Thus, Section 523(a)(2)(A) could not operate to prevent the discharge of the judgment debt.[3] In response, Follo appears to have implicitly conceded that the tax return was a statement respecting Morency's financial condition, but it contends that the occupancy information was not such a statement, and thus Section 523(a)(2)(A) may operate to prevent the discharge of the judgment debt. See Follo Brief 9.

### i. Statement Respecting Financial Condition

To except a debt pursuant to Section 523(a)(2)(A) the debt must be one which was obtained by a statement "other than [one] respecting . . . an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (emphasis added).[4] This phrase, "respecting the . .

---

[3] It is uncontested that the entity to which the tax return and occupancy information relate, e.g., the parent corporation of the Inn, was an "insider" of Morency pursuant to 11 U.S.C. section 101(31)(A)(iv).

[4] This is an odd inquiry -- to determine whether Section 523(a)(2)(A) is applicable, it is first necessary to determine whether the operative part of Section 523(a)(2)(B), namely whether the debt was obtained via a false statement "respecting the debtor's . . . financial condition," 11 U.S.C.

. insider's financial condition," is not defined by the Bankruptcy Code and its breadth is the subject of considerable disagreement among the courts. See In re Kosinski, 424 B.R. 599, 608-09 (B.A.P. 1st Cir. 2010). At one pole is an argument for interpreting the phrase so broadly as to include any and all statements which bear upon the financial condition of the insider or debtor. Id. This broad interpretation "posits that a communication addressing the status of a single asset or liability qualifies as respecting the debtor's . . . financial condition." In re Joelson, 427 F.3d 700, 705 (10th Cir. 2005) (quoting In re Chivers, 275 B.R. 606, 614 (Bankr. D. Utah 2002)) (internal quotations omitted). At the other extremity is the view that only statements which relate to a debtor or insider's overall financial health are to be considered, though these documents need not be restricted to formal financial statements. In re Bogdanovich, 292 F.3d 104, 112 (2nd Cir. 2002) (citing In re Ransford, 202 B.R. 1, 4 (Bankr. D. Mass. 1996)) (Boroff, Bankr. J.); see also In re Kosinski, 424 B.R. at 609 (concluding narrow view is limited to "statement's providing information as to a debtor [or insider's] net worth, overall financial health, or an equation of assets and liabilities").

---

523(a)(2)(B)(ii), applies. If it does, Section 523(a)(2)(A) does not apply.

Though both positions have their support, the emerging trend favors a narrow, rather than broad interpretation of the phrase. See In re Joelson, 427 F.3d at 711-12; (citing In re Chivers, 275 B.R. at 615-16). The First Circuit Bankruptcy Appellate Panel, considering this question in In re Kosinski, 424 B.R. at 609, was not required to determine where on the spectrum courts within this Circuit fell,[5] though the narrow approach has been adopted by a Bankruptcy Judge in this District. See In re Alexander, 427 B.R. 183, 195 (Bankr. D. Mass. 2010) (Bailey, Bankr. J.). Whether a strict or broad – or somewhere in between – approach is ultimately adopted by the First Circuit, given the particular factual scenario present here, the Court need not express an opinion on this issue. Even under a narrow interpretation, all relevant representations by Morency are statements respecting her financial condition.

The tax return is certainly a statement regarding Morency's financial condition, see, e.g., In re Swan, 499 B.R. 118, 124 (Bankr. D. Mass. 2013) (Bailey, Bankr. J.); therefore the sole issue before the Court is whether the guest information and room assignment records are also such statements.

---

[5]    Like the decision of a district judge, the decision of a bankruptcy appellate panel is persuasive only. It has no binding precedential effect. See In re Virden, 279 B.R. 401, 409n.12 (Bankr. D. Mass.) (Kenner, Bankr. J.).

Under either the narrow or broad interpretation of statements of "financial condition," statements about an "entity's overall financial health," In re Alexander, 427 B.R. at 195 (quoting In re Sansoucy, 136 B.R. 20, 23 (Bankr D.N.H. 1992)), including its ability to produce income, are statements of "financial condition." See In re Joelson 427 F.3d at 714 (concluding that the identical phrase in Section 523(a)(2)(A) includes those statements "that purport to present a picture of the debtor's overall financial health . . . [which included] those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements") (emphasis added). Here, the occupancy of the Inn was critical to its ability to generate income, see Follo, 185 Vt. at 394-95, and consequently its "overall financial health." In re Alexander, 427 B.R. at 195 (quoting In re Sansoucy, 136 B.R. at 23). Thus, this Court concludes, as the Bankruptcy Court did, In re Morency, 2013 WL 1342845 at *14, that, even according to the narrow interpretation of such statements, this statement is one respecting Morency's financial condition and thus Follo is unable to have the judgment debt excepted under Section 523(a)(2)(A).

### b. Section 523(a)(2)(B)

Pursuant to Section 523(a)(2)(B), a debt will not be discharged under the Bankruptcy Code where it was obtained by

"use of a statement in writing - (i) that is materially false;
(ii) respecting . . . an insider's financial condition; (iii) on
which the creditor to whom the debtor is liable . . . reasonably
relied; and (iv) that the debtor caused to be made or published
with intent to deceive." 11 U.S.C. § 523(a)(2)(B). It is
uncontested that the proceedings in the Vermont courts concluded
that the relevant communications of Morency were materially
false, written statements. See Follo, 185 Vt. at 406-07, 409-
10. The issue is whether the Vermont jury found both that the
"creditor [Follo] . . . reasonably relied" upon the statements
and that "the debtor [Morency] caused [the statement] to be made
or published with an intent to deceive." 11 U.S.C. §
523(a)(2)(B).

Whilst, after a careful analysis, the Bankruptcy Court
concluded that Follo failed to establish that either reasonable
reliance or an intent to deceive had been adequately addressed
by the proceedings in Vermont, In re Morency, 2013 WL 1342485,
at *13-14, for the following reasons this Court, respectfully,
disagrees.

### i. Reasonable Reliance

For Morency's debt to be excepted from discharge, Follo's
reliance upon her false communications must have been
objectively reasonable, 11 U.S.C. § 523(a)(2)(B); In re
Kosinski, 424 B.R. at 610 (citing In re Flaherty, 335 B.R. 481,

490-91 (Bankr. D. Mass. 2005)(Feeney, Bankr. J.)), and this determination must therefore have been an element of the state proceedings.

The sole item of evidence Follo submitted to the Bankruptcy Court in support of its argument for preclusion was the published opinion of the Vermont Supreme Court. In re Morency, 2013 WL 1342485, at *3. The Bankruptcy Court consequently considered that it was confined to a consideration of this document when forming its judgment as to whether the Vermont proceedings had issue preclusive effect. Id. at *3 n.1. In reaching the conclusion that the jury was not charged with considering whether Follo's reliance was reasonable, the Bankruptcy Court relied upon an extract of the trial judge's charge to the jury, embedded at pages 404 to 405 of the Vermont Supreme Court's opinion, where the jury was instructed that:

> In order to prove fraud, plaintiffs must demonstrate by clear and convincing evidence each of the following essential elements. One, that defendants misrepresented an existing fact which affected the essence of the transaction with plaintiffs or knowingly allowed another to make such a representation on defendants' behalf; two, that defendants did so intentionally; three, that the misrepresentation was false when made and known at the time to be false by a defendant, or that the representation was recklessly made as being within the defendants' own knowledge without defendant in fact knowing whether it was true or not.

Id. at *12 (quoting Follo, 185 Vt. at 404-05). From this
extract it does not appear that, in holding Morency liable for
common law fraud, the jury was required to conclude that Carl
Follo's reliance upon the tax statement and occupancy
information was objectively reasonable. The Bankruptcy Court
properly so concluded.

It must be emphasized, however, that the full Vermont Trial
Transcript was not submitted in evidence, nor was the Bankruptcy
Court, at any stage, requested to take judicial notice of it. A
more extensive excerpt of the Trial Transcript is, however,
available. It includes the entire charge to the jury, not just
the extract quoted in the opinion of the Vermont Supreme Court.

I've read it.

The full Superior Court charge makes clear that the
Bankruptcy Court's conclusion – based only on the extract in the
Vermont Supreme Court opinion - is flat wrong.

What to do?

Though the nature of our adversary system of justice would
generally make this Court reluctant to take judicial notice of
facts available but not produced at trial, see, e.g., Fleischer
Studios, Inc. v. A.V.E.L.A., Inc., 654 F.3d 958, 966 (9th Cir.
2011) ("a plaintiff may not cure her failure to present the
trial court with facts sufficient to establish the validity of
her claim by requesting that this court take judicial notice of

such facts") (quoting <u>Jespersen</u> v. <u>Harrah's Operating Co.</u>, 444
F.3d 1104, 1110 (9th Cir. 2006)(en banc))(internal quotation
mark omitted); <u>Tamari</u> v. <u>Bache & Co. (Lebanon) S.A.L.</u>, 838 F.2d
904, 907 (7th Cir. 1988) (Posner, J.) ("A litigant cannot put in
part of his case in the trial court and then, if he loses, put
in the rest on appeal."), in these circumstances general
principles of justice and this Court's duty to accord judgments
of other courts "full faith and credit", 28 U.S.C. § 1738,
militate in favor of a contrary conclusion.

Here, were this Court simply to affirm, the two opinions of
the Bankruptcy Court and the Vermont Supreme Court could easily
be read to support the proposition that the decisional law of
Vermont with respect to common law fraud will not support the
exception under Section 523(a)(2)(B) when the contrary is true.
This will not do. So it is that in this exceptional
circumstance, I will go outside the trial record and do what I
would excoriate an appellate court for doing.

Pursuant to Rule 201(c) of the Federal Rules of Evidence, a
"court may take judicial notice [of an adjudicative fact] <u>at any
stage of the proceeding</u>." Fed. R. Evid. 201(d)(emphasis added);
<u>see also</u> <u>Massachusetts</u> v. <u>Westcott</u>, 431 U.S. 322, 323 n.2 (1977)
(taking judicial notice of state government license by appellate
court); <u>United States</u> v. <u>Mercado</u> 412 F.3d 243, 247 (1st Cir.
2005)(taking judicial notice of state court record by appellate

court); <u>Torréns</u> v. <u>Lockheed Martin Servs. Grp., Inc.</u>, 396 F.3d 468, 473 (1st Cir. 2005)(taking judicial notice of government records by appellate court). The Trial Transcript is a document that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and is thus not subject to "reasonable dispute". Fed. R. Evid. 201(b). Consequently this Court may take judicial notice of it.[6] <u>See</u> Fed. R. Evid. 201(b)(2).

Thus, this Court takes judicial notice of the full Trial Transcript and consequently concludes Follo's reasonable reliance was necessary to find Morency liable in the Vermont Superior Court. Here's why.

In relevant part, the Vermont Superior Court charged the jury:

> In order to prove fraud, Plaintiffs must demonstrate by clear and convincing evidence each of the following essential elements. One, that Defendants misrepresented an existing fact which affected the essence of the transaction with Plaintiffs or knowingly allowed another to make such a representation on Defendants' behalf; two, that Defendants did so intentionally; three, that the misrepresentation was false when made and known at the time to be false by a Defendant, or that the

---

[6] Rule 201(e) of the Federal Rules of Evidence provides that "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e). In light of this requirement, on February 20, 2014, the Court issued an order announcing its intention to take judicial notice of the Vermont Superior Court trial transcript. Order, Feb. 20, 2014, ECF No. 16. Neither party responded this notification.

representation was recklessly made as being within the Defendants' own knowledge without Defendant in fact knowing whether it was true or not.

Four, that the correct information was not available to Plaintiffs notwithstanding their duty to make reasonable inquiry; five, that Plaintiffs <u>reasonably relied</u> on the misrepresentation to their detriment; and six, that Plaintiffs suffered financial harm as a result of the misrepresentation.

Appellant's App., <u>Follo</u> v. <u>Florindo</u> Trial Tr., vol. 6 ("Trial Tr."), 193:24-194:17, May 1, 2007, at App. No. 0083-84 (emphasis added).[7]

On appeal, the Vermont Supreme Court affirmed the jury finding of common law fraud. <u>Follo</u>, 185 Vt. at 410-11. As a consequence of this affirmation, the conclusion of the jury in the Vermont Superior Court that Follo reasonably relied upon Morency's communications precludes reconsideration of this issue in the present proceeding.

### ii. Intention to Deceive

Section 523(a)(2)(B) also requires that the debtor, Morency, "caused [the statements] to be made or published with intent to deceive." 11 U.S.C. § 523(a)(2)(b)(iv). The Bankruptcy Court concluded that Follo had failed to establish that the jury was instructed that fraud required a showing of "intent to induce reliance" and that this requirement is not

---

[7] The Court was only provided with a paper copy of the full appendix; the Appendix's table of contents has been filed on the electronic docket at ECF No. 12-1.

present in Vermont law.  In re Morency, 2013 WL 1342485, at *14.
The Bankruptcy Court did not, however, reach a conclusion on
whether the jury's finding of fraud in this case necessitates
the conclusion that Morency had acted with an intent to deceive.

It may well be true, as the Bankruptcy Court concluded,
that Vermont law does not expressly require proof of "intent to
induce reliance," id., but that is of no consequence here where
the actual jury charge required proof of the requisite
Bankruptcy Code "intent to deceive" (though this jury charge was
perhaps more favorable to Morency than that to which she was
entitled).

The Trial Transcript evidences that the jury in the Vermont
Superior Court was instructed that, to find Morency liable for
common law fraud, it was essential that she have intentionally
misrepresented an existing fact which was then relied upon by
Follo.  See Trial Tr., 194:1-17, at App. No. 0084.  Whether
these instructions are equivalent to a direct requirement that
Morency be shown to have acted with a specific intent to deceive
is unclear.  Here, however, the Vermont Supreme Court, upon full
briefing, affirmed the verdict of the jury sitting in the
Vermont Superior Court.  In so doing, it declared that common
law fraud in Vermont is "an intentional act with a specific
intent to defraud the buyer" and thus necessarily determined
that Morency had such specific intent.  Follo, 185 Vt. at 413

(emphasis added).  Given that the Vermont Supreme Court is the final arbiter of the law of Vermont, <u>Erie R. Co.</u> v. <u>Tompkins</u>, 304 U.S. 64, 78-79 (1938), and determinations of fact are preclusive, <u>Yates</u> v. <u>United States</u>, 354 U.S. 298, 337-38, (1957) <u>overruled in part on other grounds by</u> <u>Burks</u> v. <u>United States</u>, 437 U.S. 1 (1978), this affirmation by the Vermont Supreme Court evidences that a demonstration of an intent to deceive was necessary for Morency to be held liable for common law fraud.

To determine whether Morency's liability for common law fraud required evidence of intent to deceive it is necessary to establish whether an intent to deceive is equivalent to an intent to defraud.  This question is remanded to the Bankruptcy Court to determine at the first instance.

**IV CONCLUSION**

For the forgoing reasons this Court AFFIRMS in part the Bankruptcy Court and REMANDS the matter for further proceedings in light of the more complete record established in this opinion so that the Bankruptcy Court can consider, in the first instance, whether issue preclusion is appropriate in these circumstances and, if it is, whether Follo has thus established his claim for the exception to discharge provided in Section 523(a)(2)(B).

The Bankruptcy Court may of course now "address the permissibility of [Follo] . . . advancing arguments under

subsection 523(a)(2)(B) when they made no mention of that subsection in the Joint Pretrial Memorandum". <u>In re Morency</u>, 2013 WL 1342485, at *14 n.16. It may also consider whether Follo is procedurally defaulted for its failure to submit the complete Trial Transcript in evidence before the Bankruptcy Court.

In any event, its opinion will no doubt make clear whether its decision is on the merits or on procedural grounds.


**AFFIRMED IN PART AND REMANDED.**


/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE